**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO. 5:94-CR-39 (MTT)** |
| **ARTHUR JAMES WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Federal prisoner Arthur James Williams moves the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1).  Docs. 67; 69.  The Government opposes Williams' release.  Docs. 71; 83.  For the following reasons, Williams' motion for compassionate release (Docs. 67; 69) is **GRANTED.**

### I. BACKGROUND

On June 20, 1994, Williams pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d) (Count One), and two counts of possession of a firearm during a crime of violence (bank robbery), in violation of 18 U.S.C. § 924(c)(1) (Counts Two and Four).  Docs. 1 at 1-3; 12.  Williams was sentenced on November 29, 1994 to serve 488 months, or 40 years and 8 months: 188 months on Count One, 60 months on Count Two, and 240 months on Count Four—all to be served consecutively.  Doc. 18 at 1-2.  Williams' imprisonment is to be followed by five years of supervised release.  *Id.* at 3.  The Eleventh Circuit affirmed Williams' sentence on appeal.  Doc. 22; *United States v. Williams*, 81 F.3d 175 (11th Cir. 1996) (unpublished table decision).  Williams is currently housed at Memphis Federal Correctional Institution ("Memphis FCI") with an expected release date of March 25, 2029.  Federal

Bureau of Prisons ("BOP"), *Find an Inmate*, https://www.bop.gov/inmateloc/ (search "Arthur James Williams").

The Court has denied Williams' four prior compassionate release motions because he failed to establish an extraordinary and compelling reason under U.S.S.G. § 1B1.13 warranting his release.  Docs. 48; 51; 54; 62.  On December 5, 2023, Williams, pro se, again moved for compassionate release, citing the November 1, 2023 amendments to § 1B1.13, which expanded the meaning of "extraordinary and compelling."  Doc. 67.  Because the amendment gave Williams a viable path to a sentence reduction, and because the Government challenged the United States Sentencing Commission's (the "Commission") authority to provide that path, the Court appointed the Federal Defenders of the Middle District of Georgia, Inc. to represent Williams.  Docs. 72; 73.  Williams' motion is now ripe for the Court's review.

## II. STANDARD

Under the First Step Act of 2018, a defendant who has exhausted his administrative rights can move for a sentence reduction, commonly called "compassionate release."  18 U.S.C. § 3582(c)(1)(A).  On the defendant's motion, a court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction.[1]

---

[1] A defendant can also move for a sentence reduction if he is at least 70 years old and meets other specified criteria.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(1)(B).

*Id.*  U.S.S.G. § 1B1.13 is the applicable policy statement governing compassionate release motions.  *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

Section 1B1.13, as amended effective November 1, 2023, provides that six circumstances qualify as extraordinary and compelling reasons.  Those circumstances, generally, are: (1) the defendant's medical circumstances; (2) the defendant's advanced age; (3) the defendant's family circumstances; (4) the defendant was a victim of sexual or physical abuse committed by "a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant"; (5) "other reasons"[2]; and (6) the defendant's "unusually long sentence."  § 1B1.13(b).  With the exception of subsection (b)(6), a court cannot consider "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) … for purposes of determining whether an extraordinary and compelling reason exists."  § 1B1.13(c).

If the defendant has established an extraordinary and compelling reason, then the court moves on to consider whether the defendant is "a danger to the safety of any other person or to the community" and the § 3553(a) factors.  §1B1.13(a)(2); *Bryant*, 996 F.3d at 1254.  If the defendant has failed to establish an extraordinary and

---

[2] Prior to the November 2023 amendments, the "other reasons" circumstance stated: "*As determined by the Director of the [BOP]*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  United States Sentencing Commission, *Amendments to the Sentencing Guidelines (effective November 1, 2024)*, pg. 12, https://www.ussc.gov/guidelines/amendments (Apr. 27, 2023) (emphasis added); *Bryant*, 996 F.3d at 1248 (emphasis added).  Thus, the Eleventh Circuit held that that provision "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" and is only applicable to determinations made by the Director of the BOP.  *Id.* at 1248, 1262-65.  Amended § 1B1.13(b)(5), which deleted the reference to the Director of the BOP, provides: "The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  The Eleventh Circuit has not yet addressed whether subsection (b)(5) is similarly limited.

compelling reason, the court need not consider the § 3553(a) factors.  *United States v. Giron*, 15 F.4th 1343, 1347-50 (11th Cir. 2021).

### III. DISCUSSION

Williams argues he is entitled to compassionate release because of his "unusually long sentence."[3]  Docs. 67; 69; 78; 81.  The Government argues that the Commission exceeded its authority when it promulgated § 1B1.13(b)(6) to allow courts to release inmates for this reason.[4]  Doc. 71 at 9-17.  Thus, the Court first addresses whether § 1B1.13(b)(6) was a lawful exercise of the Commission's statutory authority. The Court concludes that it was, and further finds that Williams is entitled to a sentence reduction.

### A. Section 1B1.13(b)(6) is a Lawful Exercise of the Sentencing Commission's Statutory Authority[5]

Section 1B1.13(b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being

---

[3] Williams also moves based on his medical circumstances, i.e., his prostate cancer.  Docs. 69; 78 at 17-19; 81 at 9-15.  His motion based on his cancer diagnosis is not brought pursuant to § 1B1.13(b)(1)(A), for a terminal illness, nor is it brought pursuant to § 1B1.13(b)(1)(B), the inability to provide self-care. Doc. 78 at 17.  Rather, he argues a combination of § 1B1.13(b)(1)(C), claiming the BOP has failed to adequately treat his prostate cancer, and § 1B1.13(b)(5), "other reasons," based on a combination of his medical circumstances, age, and sentence disparity.  *Id*. at 17-19.  Because Williams is entitled to a sentence reduction under § 1B1.13(b)(6) for an unusually long sentence, i.e., a sentence disparity, it is unnecessary for the Court to determine whether he is also entitled to a reduction under any other category.  In any event, Wiliams' medical records suggest that the BOP is monitoring and treating his cancer.  Doc. 78-3.

[4] The Government withdrew its failure to exhaust argument after Williams' attorney assisted Williams in properly exhausting his administrative remedies.  Docs. 71 at 6-9; 78 at 3; 78-1; 78-2; 83 at 1.

[5] Although the parties allude to the *Chevron* doctrine, which was overruled after the completion of briefing, neither party relies on it and neither does the Court.  Docs. 71 at 11, 12 n.8; 78 at 4, 6, 14; 467 U.S. 837 (1984*), overruled by Loper Bright Enters. v. Raimondo*, __ U.S. __, 144 S. Ct. 2244 (2024).

> served and the sentence likely to be imposed at the time the motion is
> filed, and after full consideration of the defendant's individualized
> circumstances.

The Government contends "subsection (b)(6) represents an unlawful exercise of the Commission's statutory authority" because nonretroactive changes in law are "neither extraordinary nor compelling," Congress's enactment of 18 U.S.C. § 3582(c)(2), which allows sentence reductions in certain circumstances, "confirms that extraordinary and compelling reasons do not encompass changes in law," and it "reintroduce[s] the indeterminate, subjective sentencing regime that the [Sentencing Reform Act] sought to eliminate." Doc. 71 at 17.

Numerous district courts in the Eleventh Circuit have addressed and rejected the Government's argument. *See* Doc. 78 at 5 (collecting cases); *see also United States v. Clowers*, 2024 WL 3461752, at *4 (M.D. Ga. July 18, 2024) ("[A] claim that 'several district courts' have rejected the Government's argument would be 'an understatement.'"); *United States v. Daniel*, 2024 WL 3103311, at *3 (S.D. Fla. June 24, 2024); *United States v. Smith*, 2024 WL 3738462, at *2 (M.D. Fla. Aug. 9, 2024). As stated in one of those many cases, the Court "need not add to that robust body of case law except to say that the Court agrees with" these decisions.[6] *United States v. Ingram*, 2024 WL 3696514, at *3 (S.D. Ga. Aug. 7, 2024). This Court agrees and concludes that the Commission acted within its authority when it amended § 1B1.13 to establish

---

[6] The Court notes that in *Bryant*, the Eleventh Circuit emphasized the Commission's expansive authority to determine what constitutes an extraordinary and compelling reason. 996 F.3d at 1251-59. The Government does not cite *Bryant*. *See generally*, Docs. 71; 83. Moreover, the Government's contention that Congress "expressly addressed the retroactive application of some changes in law" through the enactment of 18 U.S.C. § 3582(c)(2) is misplaced. Doc. 71 at 16-17. Section 3582(c)(2) allows a court to reduce a defendant's "term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)"—§ 994(o) is the source of the Commission's authority to change the *guidelines*. Section 1B1.13(b)(6) addresses changes in the *law* to the exclusion of nonretroactive changes to the guidelines.

"unusually long sentence" as an extraordinary and compelling reason warranting release.[7]

## B. Williams has Shown an Extraordinary and Compelling Reason

Williams was sentenced on November 29, 1994 to 488 months on three counts: 188 months[8] on Count One, armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); 60 months on Count Two, use of a firearm during a bank robbery in violation of 18 U.S.C. § 924(c); and 240 months on Count Four, use of a firearm during a bank robbery in violation of § 924(c).  Doc. 18 at 1-2.  Williams contends he is entitled to a sentence reduction under § 1B1.13(b)(6) because the sentence he received for Count Four "is grossly disparate to what he would likely receive today, based on intervening changes to the stacking provision of" § 924(c).  Doc. 78 at 2.  The Court agrees.

An "unusually long sentence" can be an extraordinary and compelling reason for compassionate release if the defendant has served at least ten years of his term of imprisonment, and if the applicable change in law results in "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  § 1B1.13(b)(6).  Williams has served almost thirty years, and thus meets the first requirement.

---

[7] The Government proposes that, "[I]f the Court is reluctant to rule that U.S.S.G. § 1B1.13(b)(6) is invalid in *all* its applications," the Court can instead "adopt the view that, no matter how it is applied in other contexts, subsection (b)(6)'s concept of an 'unusually long sentence' should not be read to embrace sentences imposed under § 924(c)—a statute whose amended sentencing provisions Congress explicitly declined to make retroactively applicable to persons, like Williams, sentenced before December 21, 2018."  Doc. 83 at 2 (emphasis in original).  Although the Government frames this proposal as a "clarifying caveat" to its original brief, this argument is in all respects identical to its main statutory authority argument.  *Compare id. with* Doc. 71 at 15.

[8] This sentence was at the minimum of his guideline range.  Doc. 36 at 1-2.

In 1994, § 924(c)(1) mandated a 20-year term of imprisonment for a "second or subsequent conviction under" § 924(c)(1).  18 U.S.C. § 924(c)(1) (1994).  Section 924(c)(1) also mandated that any term of imprisonment imposed under that section had to be served consecutively to "any other term of imprisonment."  *Id*.  The Supreme Court at the time interpreted § 924(c)(1) to apply to a single prosecution of multiple § 924(c) violations.  *Deal v. United States*, 508 U.S. 129 (1993).  Pursuant to these requirements, the Court imposed 60 months on Count Two, to be served consecutively to Count One, and 240 months on Count Four, to be served consecutively to Count Two.[9]  Doc. 18 at 1-2.

In 1998, § 924(c) was amended to provide for a 25-year consecutive term of imprisonment for a second or subsequent conviction.  18 U.S.C. §§ 924(c)(1)(C) & (D)(ii) (1998).  The First Step Act of 2018 amended this version of § 924(c) to provide that the 25-year consecutive term is mandated only for a violation "that occurs after a prior conviction under [§ 924(c)] has become final."  18 U.S.C. §§ 924(c)(1)(C) & (D)(ii) (2022); PL 115-391, S. 756 (Dec. 21, 2018).  Thus, a defendant sentenced on more than one violation of § 924(c) in a single prosecution who has no prior § 924(c) convictions is not subject to a consecutive 25-year term of imprisonment.  This is the current version of § 924(c).

---

[9] The sentences imposed on Counts Two and Four were the minimum under the statute at the time.  18 U.S.C. § 924(c)(1) (1994).

Williams' indictment and plea agreement provide that he brandished[10] a .38 revolver[11] during the commission of the bank robberies.  Docs. 1 at 2-3; 11 at 9.  Had he been sentenced in December 2023,[12] Williams would have received two consecutive seven-year terms of imprisonment on the § 924(c) counts, resulting in a 356 months sentence—188 months on Count One, 84 months on Count Two, and 84 months on Count Four, all to be served consecutively.[13]  18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(C), & (c)(1)(D) (2022).  This sentence would be 132 months, or 11 years, shorter than his imposed 488-month sentence.  Doc. 18 at 2.  Thus, if sentenced in 1994 under the current version of § 924(c), using the current projected release date of March 25, 2029, Williams likely would have left prison in March 2018.  The Court finds that this 11-year difference constitutes a "gross disparity."  *See United States v. Ware*, __ F. Supp. 3d __, 2024 WL 1007427, at *8 (N.D. Ga. Mar. 6, 2024) (finding a 14-year difference "gross").

---

[10] "[T]he term 'brandish' means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person."  18 U.S.C. § 924(c)(4).  Williams' plea agreement provides that when Williams committed the two robberies, he held individuals at gunpoint.  Doc. 11 at 9.  When Williams was sentenced, section 924(c) did not delineate between a violation with or without brandishing.  18 U.S.C. § 924(c)(1) (1994).  It is thus unknown whether, if charged today, Williams would plead to brandishing the firearm.  However, Williams concedes that he would be subject to the seven-year mandatory minimum required for brandishing.  Doc. 81 at 8.  Accordingly, the Court presumes the increased sentences for brandishing apply for purposes of its analysis.

[11] The increased sentences for the use of a short-barreled rifle, short-barreled shotgun, semiautomatic assault weapon, machine gun, destructive device, silencer, or muffler are not applicable here.  18 U.S.C. § 924(c)(1)(B).

[12] Section 1B1.13(b)(6) provides that the disparity is "between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  Williams filed his pro se motion on December 5, 2023.  Doc. 67.

[13] Williams agrees that, if sentenced at the time he filed his motion, he would receive seven years on both § 924(c) counts.  Doc. 81 at 8.  But he then states his sentence for the § 924(c) counts would be 12 years.  *Id*. at 7-8.  The court assumes Williams meant 14 years.

Because the Court finds that Williams' circumstances satisfy the requirements for a reduction under § 1B1.13(b)(6), Williams has shown that an extraordinary and compelling reason exists warranting his release.

## C. Section 3553(a) Factors

If a prisoner has established an extraordinary and compelling reason, then "the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted." *Bryant*, 996 F.3d at 1254. A district court "must also determine that '[t]he defendant is not a danger to the safety of any other person or to the community.'" *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quoting § 1B1.13(a)(2)).

The Court has three times found that the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction in Williams' sentence. Docs. 51 at 6-7; 54 at 5; 62 at 6. The Government acknowledges the Court's previous findings, and thus refrained from "any discussion of the § 3553(a) factors … because it is unaware of anything that might cause the Court to revisit its analysis or conclusion about the balancing of these factors." Doc. 71 at 6 n.1. The Court nonetheless believes it appropriate to readdress these factors in light of its decision to grant Williams' release.

The § 3553(a) sentencing factors include the history of the defendant, the defendant's characteristics, the need for the sentence imposed to provide just punishment for the offense and to protect the public from further crimes by the defense, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a). "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (citation

and internal quotation marks omitted).  "[D]istrict courts needn't address each of the § 3553(a) factors or all of the mitigating evidence."  *Id*.  It is enough "that the district court considered a number of the factors such as the nature and circumstances of the offense [and] the defendant's history of recidivism."  *Id*.

As discussed, Williams' 30 years served provides just punishment, and the reduced sentence avoids the disparity between his sentence and sentences imposed today.  Moreover, Williams has completed hundreds of hours of educational courses and has received various certifications, including for powered industrial trucks and solid waste management.  Docs. 50-2; 50-4.  In the past ten years, Williams has had two incident reports, neither of which involved a serious offense.  Doc. 78-9 at 1.  Williams expressed he "has no desire to ever break the law again," he wants to "help young people and try to keep them off the wrong road," he plans to volunteer with law enforcement, and he has become "a better man because of the years [he has] spent in" prison.  Doc. 69 at 8.  Williams' father and brother submitted letters confirming Williams' growth and acceptance of responsibility.  Doc. 78-10.  Finally, Williams submitted a thorough release plan.  Doc. 78-14.

Accordingly, the Court finds that Williams is not a danger to the community, and that the § 3553(a) factors weigh in favor of his release.

### IV. CONCLUSION

Because Williams has established that extraordinary and compelling reasons warrant a sentence reduction and that the § 3553(a) factors weigh in favor of his early release, his motion for compassionate release (Docs. 67; 69) is **GRANTED**.  Williams' sentence is reduced to **a sentence that will end 30 days from the entry of this order.**

The Bureau of Prisons and the United States Probation Office shall make appropriate plans for his release.  Upon release, Williams will begin a five-year term of supervised release in accordance with the judgment in this case.

      **SO ORDERED**, this 13th day of September, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
